IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

RODNEY ELLIS, individually           )
as next of kin and on behalf         )
of the wrongful death                )
beneficiaries of RUBY ELLIS,         )
deceased,                            )
                                     )
     Plaintiff,                      )
                                     )
v.                                   )     No. 22-cv-02511-TMP
                                     )
MAJESTIC OPERATIONS, LLC d/b/a       )
MAJESTIC GARDENS AT MEMPHIS          )
REHABILITATION AND SKILLED           )
NURSING CENTER,                      )
                                     )
     Defendant.                      )

_____

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE
_____

Before the court is a Motion to Strike filed by plaintiff Rodney Ellis on October 12, 2022. (ECF No. 11.)[1] Defendant Majestic Corporations, LLC ("Majestic") filed its response in opposition to the motion on October 26, 2022. (ECF No. 17.) For the following reasons, Ellis's Motion to Strike is DENIED.

I.     BACKGROUND

On August 10, 2022, Rodney Ellis initiated the present suit against Majestic. (ECF No. 1.) Ellis alleges that he is the son

_____

[1]With the parties' consent, this case has been referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment. (ECF No. 18.)

and next of kin of Ruby Ellis, who is now deceased. (Id.) According to the complaint, Ruby Ellis was a patient at Majestic's long term care facility. (Id.) The suit alleges that due to Majestic's negligence, Ruby Ellis suffered from medical complications that ultimately led to her death. (Id.) Majestic filed an answer to the complaint on September 21, 2022. (ECF No. 8.) In addition to denying many of the allegations, Majestic asserted several affirmative defenses. (Id.) These included assertions that Ellis had failed to state a claim under Rule 12(b)(6), that he lacked standing, and that recovery was barred by the doctrine of comparative fault. (Id.)

On October 12, 2022, Ellis filed the present motion. (ECF No. 11.) He asks the court to strike Paragraphs 31, 33, 34, 42, 52, 53, 55, and 58 from the "Affirmative and Legal Defenses" portion of Majestic's answer.[2] (Id.) Ellis divides these paragraphs into four categories: Paragraph 31, which alleges that the complaint fails to state a claim; Paragraph 33, which alleges a lack of standing; Paragraph 34, which alleges that Ellis has not

_____

[2]In his motion, Ellis reproduces the exact text of each paragraph of the defendant's answer that he is moving to strike. However, the text of Paragraph 58 as it appears in the Motion to Strike is completely different than the text in the answer, and in fact refers to completely different parties than those involved in this litigation. It is unclear whether Ellis is moving to strike Paragraph 58 as it actually appears in the defendant's answer. However, for the sake of completeness, the court will assume that he is doing so.

sufficiently pled the element of conscious injury; and Paragraphs 42, 52, 53, 55, and 58, which assert the defense of comparative fault. (Id.) Ellis argues that these defenses "are either devoid of any factual support or are simply assertions of incorrect legal conclusions" and therefore are "irrelevant or immaterial issues, are insufficient as a matter of law, and/or would prejudice the plaintiff." (Id.)

Majestic filed its response to the motion on October 26, 2022. (ECF No. 17.) Majestic states that it will withdraw Paragraph 31 of its answer, which argued that Ellis's complaint failed to state a claim. (Id.) As to the other paragraphs, however, Majestic argues that its answer is sufficient and the defenses should stand. (Id.)

## II.  ANALYSIS

### A.  Legal Standard

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "To grant a Rule 12(f) motion, the court must determine that the challenged allegations are 'so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.'" Damron v. ATM Cent. LLC, No. 1:10-CV-01210-JDB, 2010 WL 6512345, at *1 (W.D. Tenn. Oct. 29, 2010) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and

Procedure § 1381 Motion to Strike — Insufficient Defense (3d ed. 2004)). An affirmative defense should be stricken as "legally insufficient" if "it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint." Snow v. Kemp, No. 10-2363-STA-cgc, 2011 WL 321651, at *2 (W.D. Tenn. Jan. 28, 2011) (quoting Williams v. Provident Inv. Couns., Inc., 279 F. Supp. 2d 894, 905-06 (N.D. Ohio 2003)) (internal quotations omitted).

The standard for granting a motion to strike under Rule 12 is high. Green v. FedEx Supply Chain, Inc., No. 21-CV-2518-JPM-tmp, 2022 WL 2825010, at *2 (W.D. Tenn. June 29, 2022). Such a motion seeks "a drastic remedy that should be used sparingly and only when the purposes of justice require." Driving Sch. Assoc. of Ohio v. Shipley, No. 1:92-CV-00083, 2006 WL 2667017, at *1 (N.D. Ohio Sept. 15, 2006). For that reason, motions to strike are generally "disfavored by the court." Griffin v. Bank of Am., N.A., 2:14-cv-02335, 2014 WL 12531103, at *1 (W.D. Tenn. Oct. 7, 2014) (quoting Johansen v. Presley, 977 F. Supp. 2d 871, 877 (W.D. Tenn. 2013)).

As a preliminary matter, the undersigned will address an issue that is frequently raised in motions to strike affirmative defenses and over which courts are split: whether the plausibility pleading standard set forth in Twombly and Iqbal similarly altered the requirements for pleading affirmative defenses. According to those Supreme Court decisions, a complaint must "state a claim to relief

that is plausible on its face" in order to survive a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To do so, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, it is an unsettled question of law whether the same must be true of an affirmative defense set forth in an answer.

The Sixth Circuit has explicitly declined to decide the issue. Depositors Ins. Co. v. Est. of Ryan, 637 F. App'x 864, 869 (6th Cir. 2016); Herrera v. Churchill McGee, LLC, 680 F.3d 539, 547 n.6 (6th Cir. 2012). The undersigned has also previously chosen not to reach the issue. Del-Nat Tire Corp. v. A to Z Tire & Battery, Inc., No. 2:09-CV-02457-JPM-tmp, 2009 WL 4884435, at *2 (W.D. Tenn. Dec. 8, 2009). The only opinion in this district to address the question held that the plausibility pleading standard is not required. Damron v. ATM Cent. LLC, No. 1:10-CV-01210-JDB, 2010 WL 6512345, at *2 (W.D. Tenn. Oct. 29, 2010). In other districts, courts have reached differing conclusions. Compare Nixson v. The Health All., No. 1:10-cv-00338, 2010 WL 5230867, at *2 (S.D. Ohio Dec. 16, 2010) (holding that Twombly and Iqbal apply to affirmative defenses); Microsoft Corp. v. Lutian, No. 1:10 CV 1373, 2011 WL 4496531, at *2 (N.D. Ohio Sept. 27, 2011) (same); with Nexterra Sys. Corp. v. DeMaria Bldg. Co., Inc., No. 16-13454, 2017 WL 345682, at *1 (E.D. Mich. Jan. 24, 2017) (holding that the Twombly and Iqbal standard

does not apply); Owners Ins. Co. v. Winfree, No. 2:14-0004, 2014 WL 12788843, at *2 (M.D. Tenn. May 15, 2014) (same); Hiles v. Army Rev. Bd. Agency, No. 1:12-CV-673, 2014 WL 7005244, at *2 (S.D. Ohio Dec. 10, 2014) (same).

In reviewing opinions that have examined the issue, the undersigned is persuaded that the plausibility pleading standard does not apply to affirmative defenses. For one, the holdings in Twombly and Iqbal were limited to Rule 8(a). Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 663. Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). No such requirement is set forth in Rule 8(c), and the opinions in Twombly and Iqbal are silent as to that Rule. Fed. R. Civ. P. 8(c); Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 663. Practical considerations also weigh against requiring the same level of specificity from affirmative defenses as is required for claims in a complaint. Although a plaintiff in a lawsuit has up until the statute of limitations runs to investigate facts and draft their claims, a defendant has a much more limited timeframe to respond with its affirmative defenses. Requiring the same standard of pleading of both parties despite this disparity would place defendants at a disadvantage in defending against the plaintiff's allegations.

The undersigned therefore finds that the plausibility pleading standard does not apply to affirmative defenses. Instead,

the defendant's answer is properly analyzed under the "fair notice" standard, which requires that defendants provide "fair notice of the defense that is being advanced [and] the grounds for entitlement to relief." Bolton v. United States, No. 2:12-CV-3031-JPM-dkv, 2013 WL 3965427, at *3 (W.D. Tenn. Aug. 1, 2013) (quoting Del-Nat, 2009 WL 4884435, at *2) (internal quotations omitted).

**B.   Sufficiency of Defenses**

The undersigned finds that the affirmative defenses set forth in Majestic's answer provide Ellis with fair notice of the affirmative defenses being advanced. In Paragraph 33, Majestic asserts that Ellis has not properly pled that he has standing. (ECF No. 8.) The answer specifies the legal and factual basis for this affirmative defense. (Id.) Ellis certainly has fair notice of Majestic's arguments regarding standing. Similarly, in Paragraph 34 of its answer, Majestic states that Ellis has failed to assert facts supporting a finding of conscious injury, an element that it claims is required to recover damages for pain and suffering. (Id.) Again, this assertion provides Ellis with fair notice of Majestic's theory of relief. Finally, Paragraphs 42, 52, 53, 55, and 58 all state that, if proven applicable during discovery, Majestic will assert the defenses of comparative fault and intervening or superseding causes. (Id.) These paragraphs provide fair notice to Ellis that these defenses may be raised, if appropriate, later in litigation. The fair notice standard is met with regard to all of

Majestic's affirmative defenses.

C.   **Prejudice to Plaintiff**

Some courts have considered whether the moving party would be prejudiced by the inclusion of the defense because "granting a 12(f) motion is 'a drastic remedy to be resorted to only when required for the purposes of justice.'" Bolton, 2013 WL 3965427, at *5 (quoting Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953)); see also Herrera, 680 F.3d at 547 n.6; Damron, 2010 WL 6512345, at *2; 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 Motion to Strike — Insufficient Defense (3d ed. 2022) ("Motions to strike a defense as insufficient are not favored by the federal courts . . . Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party.")

In this case, Ellis has not asserted that he would be prejudiced by Majestic's standing defense or its conscious injury defense. However, Ellis does argue that Majestic's comparative fault defense prejudices him, because it may have "triggered the Plaintiff's one and only statutory right to amend his pleadings pursuant to Tenn. Code Ann. § 20-1-119." (ECF No. 11.) The statute in question provides plaintiffs with the right to amend a complaint to add an additional person as a defendant if an existing defendant "alleges in an answer . . . that a person not a party to the suit caused or contributed to the injury or damage." Tenn. Code Ann. §

20-1-119. Once a tortfeasor is named in an answer, the plaintiff has ninety days to amend the complaint and add the person as a defendant or initiate a separate action against them. Id.

Other federal courts interpreting the statute have found that assertions such as those made in Majestic's answer do not trigger the right to amend set forth in Tenn. Code Ann. § 20-1-119. In Kelly v. Hobby Lobby Stores, Inc., the court analyzed a motion to strike affirmative defenses in an answer that "generally reference[d] unidentified non-parties or third persons and d[id] not indicate specific potential defendants." No. 3:21-CV-00167, 2021 WL 6499977, at *3 (M.D. Tenn. Apr. 28, 2021). There, the court held that "[t]his lack of specificity is insufficient to implicate Tenn. Code Ann. § 20-1-119." Id. Another court found that "[a] general reference to unknown intervening third parties by [defendants] in their Answers did not 'name' or in any way 'identify' [the third party] as a non-party potential comparative tortfeasor" such that it triggered Tenn. Code Ann. § 20-1-119. Wagner v. Int'l Auto. Components Grp. N. Am., Inc., 131 F. Supp. 3d 746, 752 (M.D. Tenn. 2015). Finally, while not reaching the issue of whether the right to amend had been triggered, the court in Cahoon v. Premise Health Holding Corp. analyzed an answer under Tenn. Code Ann. § 20-1-119 and held that references to the comparative fault of unnamed non-parties did not prejudice plaintiffs and did not need to be stricken. No. 3:21-CV-00235,

2021 WL 6496800, at *3 (M.D. Tenn. Sept. 15, 2021). Based on these cases, the undersigned is satisfied that allowing the comparative fault defense to stand will not prejudice the plaintiff.

### III. CONCLUSION

For the above reasons, the Motion to Strike is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

February 3, 2023
Date